

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**  405 East Eighth Avenue, Suite 2600  (541) 431-4050
Virginia H. Denney, Judicial Assistant  Eugene, Oregon 97401  FAX: (541) 431-4047
Howard J. Newman, Law Clerk

September 27, 2007

Mr. Jason Wilson-Aguilar
Routh Crabtree Olsen, P.S.
3535 Factoria Blvd., S.E., Suite 200
Bellevue, WA 98006

Ms Christine A. Kosydar
900 SW 5th Avenue, Suite 2600
Portland, OR 97204

RE:     NELSON, George G.; Case No. 04-70024-fra7
         Iskum, II, LLC v. Nelson, et al., Adversary Proceeding No. 06-6389-aer
         Defendant Wells Fargo's Motion for Summary Judgment

Counsel:

This letter is intended to announce my findings of fact and conclusions of law on the above-referenced motion.

Facts:

The submissions, plus facts of which I may take judicial notice, indicate the following undisputed facts:

On the advice of mortgage broker Tim Korte (Korte) of Magellan Mortgage LLC (Magellan), George Nelson, the Chapter 7 debtor herein (Debtor), on or about October 23, 2002, transferred by bargain and sale deed, his fee interest in property located at 1190 Hansen Ave. South, in Salem (the property) to his wife, Shelley Radcliffe (Radcliffe) for no consideration. The deed was recorded in the Marion County real property records on October 31, 2002. At the time, the property was encumbered by a lien held by GMAC Mortgage Corp. (GMAC). GMAC's lien secured a prior loan taken out by Debtor.

On or about January 21, 2003, Radcliffe applied for a loan, which was approved either that day or soon thereafter by First Magnus Financial Corp. (First Magnus). To memorialize the loan, Radcliffe executed a $232,000 note, and also executed a trust deed on the property to secure the note. Both the note and trust deed were dated January 21, 2003. Of the amount

borrowed, $194,090.44 was used to pay off GMAC's lien. On or about January 28, 2003, the trust deed was recorded in the Marion County real property records.

First Magnus assigned the note and trust deed to Defendant Wells Fargo Bank (Wells Fargo) on February 7, 2003. Wells Fargo possesses First Magnus' "Radcliffe" loan file.

On December 29, 2004, Debtor filed a Chapter 11 bankruptcy petition. On March 2, 2005, the case was converted to Chapter 7.

Summary Judgment Standards:

On a motion for summary judgment, the moving party has the burden to establish the absence of a genuine issue of material fact for trial. FRCP 56(c). The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Service., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Material facts are such facts as may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L. Ed. 2d 202, __(1986).

With regard to its own claims or defenses, the movant must support its motion with evidence-using any of the materials specified in Rule 56(c)-that would entitle it to a directed verdict if not controverted at trial. Celotex Corporation v. Catrett, 477 U.S. 317, 332, 106 S. Ct. 2548, 2557, 91 L. Ed. 265, __ (1986)(Brennan, J)(dissent). There must be more than a "scintilla," indeed the evidence must be "significantly probative." Anderson, supra at 249-250, 106 S. Ct. at 2511. If the movant makes the requisite affirmative showing, the burden of production shifts to the non-moving party to produce evidentiary materials that demonstrate the existence of a "genuine issue" for trial. Celotex, supra at 2557 (Brennan dissent).

Questions of motive and intent are generally not appropriate for disposition on summary judgment. Fantasy, Inc. v. Fogerty, 984 F.2d 1524 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Conclusory affidavits are insufficient to support a movant's summary judgment burden on its own claims or defenses. Washington Physicians Service Ass'n v. Gregoire, 147 F.3d 1039 (9th Cir.1998). All inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Simone v. Manning, 930 F. Supp. 1434 (D. Or. 1996). When different ultimate inferences can be reached, summary judgment is not appropriate. Id.

Discussion:

Plaintiff brings this action (in the Chapter 7 Trustee's shoes)[1] under Oregon's version of the Uniform Fraudulent Transfer Act (UFTA) (ORS 95.200 et. seq.),[2] incorporated by 11 U.S.C.

---

[1] On December 21, 2006, Plaintiff obtained an order allowing it to prosecute the instant adversary proceeding on the estate's behalf.

[2] The avoidance claims are brought under ORS 95.230(1)(a) & (b)(A) & (B), and ORS 95.240(1). Recovery is sought under § 550 of the Bankruptcy Code.

Mr Wilson-Aguilar & Ms Kosydar
September 27, 2007
Page-3

§ 544(b)(1).[3]

Wells Fargo first argues it is protected from avoidance by virtue of its status as a holder in due course (HDC). It posits: 1) it is an HDC of the note under ORS 73.0302; 2) the trust deed (and all rights thereunder) follows the note; and 3) as an HDC, it is subject only to the obligor's defenses as outlined in ORS 73.0305 and 73.0306, which do not include UFTA claims. Thus, it argues, the transfer of the trust deed is immune from attack. Plaintiff argues HDC status is not available as a defense to a fraudulent transfer claim under Oregon's UFTA.

For purposes of the present motion, I need not reach the issue of whether HDC status is a defense to an Oregon UFTA claim. First, it is not pled as a defense in Wells Fargo's Amended Answer. Second, even assuming this defense is before the court, there are issues of material fact as to HDC status, whereby I will defer consideration of the legal issue until trial. HDC status only attaches if the holder took the instrument in "good faith." ORS 73.0302(1)(b)(B). This means "honesty in fact and the observance of reasonable commercial standards of fair dealing." ORS 73.0103(1)(d)(emphasis added); Any Kind Checks Cashed, Inc. v. Talcott, 830 So.2d 160 (Fla. App. 2002) (explaining they "honesty" and "observance of reasonable commercial standards" prongs are conjunctive).

The "honesty in fact" prong is subjective. Community Bank v. Ell, 278 Or. 417, 428, 564 P.2d 685, 691 (1977) (construing the good faith standard before addition of the "reasonable commercial standards" prong). Although negligence or inquiry notice is normally insufficient to defeat subjective good faith, "if a party fails to make an inquiry for the purpose of remaining ignorant of facts that he believes or fears would disclose a defect in the transaction, he may be found to have acted in bad faith." Id.

Here, there is at least an issue of material fact as to whether Wells Fargo buried its head in the sand regarding the bona fides of the underlying transfer and loan to Radcliffe. There is evidence that First Magnus' files were transferred to Wells Fargo. In those files were Radcliffe's loan application, showing the property had been transferred to her only three (3) months earlier and the purpose of the loan was to refinance and get "cash out." There was also a copy of the HUD settlement statement indicating that the GMAC lien was paid with the proceeds of the Radcliffe loan and a title report noting the GMAC loan was in Debtor's name. Knowing the above, a subsequent inquiry into the bargain and sale deed, which was of public record, would have disclosed the transfer from Debtor to Radcliffe was for no consideration.[4] Further, inquiry of Korte[5] would have disclosed the possibility that the transfer was made, at least in part because

---

[3] Section 544(b)(1) in relevant part allows the trustee to "avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 . . . ." This section is incorrectly cited as "544(a)(2)" in ¶34 of the Amended Complaint.

[4] It was Korte's opinion based on the standards of the industry, that at the time the loan was funded, First Magnus would have investigated the chain of title and was thus aware that title was transferred to Radcliffe for no consideration. See, p. 4 to Ex. B to Kosydar Affidavit (Korte deposition excerpt).

[5] Magellan's receipt of loan origination and other fees is indicated on the HUD settlement

(continued...)

Mr Wilson-Aguilar & Ms Kosydar
September 27, 2007
Page-4

of Debtor's ex-wife.[6] According to Korte, Debtor "was the one that really did the loan but he did it in [Radcliffe's] name."[7] Therefore, there are issues of material fact as to the "honesty in fact" prong of good faith.

As to the "reasonable commercial standards of fair dealing" prong:

> The factfinder must . . . determine first, whether the conduct of the holder comported with industry or 'commercial' standards applicable to the transaction and, second, whether those standards were reasonable standards intended to result in fair dealing. Each of those determinations must be made in the context of the transaction at hand.[8]

Any Kind, supra at 165 (quoting, Maine Family Fed. Credit Union v. Sun Life Assurance Co. of Canada, 727 A.2d 335, 343 (1999); but see, Halla v. Northwest Bank Minnesota, N.A., 601 NW 2d 449, 452 (Minn. App. 1999) (good faith is a subjective test). Here, there is an issue of material fact as to the elements of this second prong. Ms DeCaro's conclusory statement in her affidavit that Wells Fargo "used normal commercial standards when it acquired [the] rights [to the note and trust deed]" cannot sustain Wells Fargo's burden on summary judgment. Gregoire, supra.

Wells Fargo next asserts that its status as a "bona fide encumbrancer" insulates it from avoidance, citing 1946 California authority. Again, Wells Fargo has not pled this defense in its Amended Answer. Even assuming it is before the court, Wells Fargo cites no Oregon or Bankruptcy Code authority supporting a "bona fide encumbrancer" defense to an Oregon UFTA claim. Wells Fargo may be trying to assert a "good faith transferee" defense under ORS 95.270(1). That statute allows a defense (to an avoidance claim based on a transfer with actual intent to hinder, delay or defraud under ORS 95.230(1)(a)), to a person who took in "good faith

---

[5](...continued)
statement.

[6] See, p. 2 to Ex. B to Kosydar Affidavit (Korte Deposition excerpt).

[7] See, p. 2 to Ex. B to Kosydar Affidavit (Korte Deposition excerpt).

[8] Reasonable commercial standards of fair dealing under the UCC appear to differ from reasonable commercial standards of due care. Maine Family Fed. Credit Union v. Sun Life Assurance Co. of Canada, 727 A.2d 335, 342 (1999).

> Although fair dealing is a broad term that must be defined in context, it is clear that it is concerned with the fairness of conduct rather than the care with which an act is performed. Failure to exercise ordinary care in conducting a transaction is an entirely different concept than failure to deal fairly in conducting the transaction."

UCC § 3-103, Official Comment 4 (2003);

Mr Wilson-Aguilar & Ms Kosydar
September 27, 2007
Page-5

and for a reasonably equivalent value." "Good faith" under ORS 95.270(1) is a subjective standard, Cushman v. Wilkinson, 129 Or. App. 317, 879 P.2d 873 (1994), where here, as discussed above in the "HDC" section, issues of fact exist. There is also an issue of fact as to "reasonably equivalent value." Ms DeCaro's conclusory statement that Wells Fargo gave "fair and adequate" consideration is insufficient to support summary judgment, especially where Wells Fargo, when requested in discovery, could not produce a copy of the actual assignment, which presumably would have listed the consideration paid.[9]

Based on the above, Wells Fargo's motion will be denied. An order consistent herewith will be entered. The above constitute my findings of fact and conclusions of law under FRBP 7052. They shall not be separately stated.

Very truly yours,

*/s/ Albert E. Radcliffe/*

ALBERT E. RADCLIFFE
Bankruptcy Judge

AER:vhd

cc:    Mr. William Brandt, Defendant Radcliffe's Attorney

---

[9] Plaintiff addresses 11 U.S.C. § 550(b)(1) in its memorandum. However, Wells Fargo has not pled it in its Amended Answer. In any event, the subsection only allows a mediate transferee to defend against recovery if it took "for value . . . in good faith . . . and without knowledge of the voidability of the transfer avoided." To the extent § 550(b)(1) may apply, based on the above discussion, there are issues of fact on one or more of these elements.